## HAIGHT a. HUSTED.

*Supreme Court, Brooklyn Special Term; March*, 1857.

ACTION AGAINST NON-RESIDENT.—JURISDICTION.—PROPERTY WITHIN THIS STATE.

The court cannot make an order for publication of the summons in an action against a non-resident defendant, under section 135 of the Code, subdivision 3,—which allows such order in an action on contract where the defendant has *property in the State*,—in a case where the property is only brought temporarily within the State with the design of removing it forthwith ; and where, from the nature of the case, there is no agent or factor in charge of the property for the owner, through whom notice of the proceedings could reach the latter.

The provision of section 135 of the Code, subdivision 3, is in derogation of the rights of defendants, and should be strictly construed.

Motion to set aside a judgment and execution.

*J. E. Beers*, for the motion

The plaintiff in person, opposed.

BIRDSEYE, J.—The defendant in this action is a resident of the town of Greenwich, in the State of Connecticut, and has never resided in this State. The summons and complaint in this action were served on him in the town of Greenwich, in Connecticut, in July last. He says that, not being aware that a service of process from the State of New York made in the State of Connecticut was of any validity, he paid no further attention to it, and made no appearance thereto. On September 26, 1856, a judgment for $127.15 was taken against him by default, for want of an answer, upon proof of that service. On the

27th of February last, the defendant drove or sent a pair of horses, with a wagon and a load of lumber, across the line, from Connecticut into this State, when the same were levied upon by the sheriff of Westchester county, on an execution upon that judgment. The present motion is to set aside that judgment, execution, and levy.

It appears that an order for the publication of the summons was made, under the third subdivision of section 135 of the Code. The affidavit on which that order was made contained the following allegation as to the property of the defendant within this State, viz.: "That said Husted has in this State some property, out of which he (the plaintiff) will seek to satisfy his demand." The defendant in his affidavit for this motion wholly denies this allegation, and says that at the time of the making of the order for publication he did not own, possess, or have any interest whatever in any property, real or personal, within this State. It appears from the opposing affidavits on this motion, that before commencing this suit, or obtaining the order for publication, the plaintiff employed one Tyler to watch for the defendant's team, and inform him when it came into the State: on the 5th of July last the plaintiff was accordingly informed by Tyler that the defendant's team (the same one now levied on) had come into the State, apparently for the purpose, though that is not stated, of bringing a load into the town adjoining the State line, and of returning forthwith into the State of Connecticut. Thereupon, the plaintiff at once drew his affidavit as to the defendant's having property in this State. The affidavit would seem, from its terms, to have been verified while the team was still within this State. It does not appear when the order for publication was made, except that it was before July 18th, or that the defendant's team was at that time still in the State.

In making the personal service out of the State, the plaintiff acted under that provision of section 135 of the Code, which makes that method of service, where publication is ordered, equivalent to publication and deposit in the post-office.

Some other circumstances are stated in the affidavits, but they are not material to the decision of the motion.

Upon these facts, it is difficult to see how this judgment can stand. Before the court could acquire any jurisdiction of the

action, it was necessary to show that the defendant had property within the State. For the purpose of applying that property to the satisfaction of debts owing by him in this State, the Legislature have authorized certain proceedings to be taken. But those proceedings are in derogation of the right which we should claim for our own citizens against other States, and which we should allow to the citizens of other States as against the claims of our own laws; viz., that the litigation of controversies should take place in tribunals having jurisdiction of the persons of both parties, and capable of rendering a final judgment between them, after passing on the validity of the claim and the defence.

The exception to the general rule, which is made by subdivision 3 of section 135 of the Code, proceeds upon the assumption that the non-resident owner of property within this State, will have here some person to take charge of it, and maintain his rights in regard to it; and also, that the property, having shared the protection of our law, is liable to bear its proportion of the burdens by which that law is maintained, and to be applied in satisfaction of the duties justly owing from its owner to the citizens of this State. But I cannot believe that the Legislature intended by this enactment to provide that, if any resident of the border of an adjoining State should send his team, or should be so unfortunate as to have his cattle stray within the limits of our territory, though only for the most temporary purpose, or for the briefest period, the courts of this State should acquire by that fact such a jurisdiction as to warrant the seizure, not merely of the property thus sent here, but of all the property of the defendant which may ever come within this State. In my judgment, neither the reason nor the language of the law warrants its application to a case like the present. The provisions of the last paragraph of section 135 show that this section is little more than a substitute for the former process of attachment against non-resident debtors. And it contains many provisions for the protection of the non-resident which the former statute did not; although some of its provisions are broader and more comprehensive against him. Now, the defendant against whom publication is ordered, or his representatives, on application and sufficient cause shown at any time before judgment, must be allowed to defend the action, and

may, in like manner (except in an action for divorce), upon good cause shown, be allowed to defend *after judgment*, or at any time within one year after notice thereof, and within seven years after its rendition, on such terms as may be just; and if the defence be successful, and the judgment, or any part thereof, have been collected or otherwise enforced, such restitution may thereupon be compelled as the court directs.

Under the former system, the appointment of trustees was made conclusive evidence that the debtor was a concealed, absconding, or non-resident debtor, within the meaning of the statute, and that the appointment of the trustees and all proceedings previous thereto were regular (2 *Rev. Stats.*, 12, 13, § 62), although it did not preclude the debtor from raising the question whether the affidavits upon which the attachment issued were sufficient to confer jurisdiction upon the officer issuing it (Matter of Faulkner, 4 *Hill*, 598). And that statute contained no provision whatever for enforcing restitution, if it should appear that the claims paid were unfounded, or had been previously paid or discharged.

On the other hand, by the former statute the only property which could be reached was that which was seized under the attachment, or reached by the trustees before making their final dividend. By the present statute, a judgment is entered which, at least in its terms, seems sufficient to warrant its satisfaction out of any property of the debtor coming into the State, at however distant a period, before the judgment loses its vitality.

There can be no doubt that this statute deserves a rigid construction. It may be difficult to say what is the nature of the property which a non-resident must have within our State, in order to warrant proceedings against him under this statute. But I feel no difficulty in saying that the facts now presented are quite insufficient. If the property is within the State only for a brief space, without the intention of having it remain, and with the design of removing it forthwith, and if, from the nature of the case, there can be no agent or factor, or other person in charge of it for the owner, through whom notice of the proceedings could reach the owner, then this court ought not to assume jurisdiction of the case.

The order for the publication of the summons being irregular, and the court having thereby acquired no jurisdiction of the

action, it is not material to inquire whether the personal service of the summons and complaint out of the State was valid.

The motion to set aside the judgment and subsequent proceedings as irregular, is granted, with $10 costs.